IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VERNON CHARLES PATTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> FLOYD BONNER, Shelby County Sheriff, ) <br> ) <br> Respondent. ) | No. 2:21-cv-02312-TLP-tmp |

**ORDER DENYING MOTIONS FOR JUDGMENT, MOTIONS TO EXPAND THE RECORD, AND MOTION TO STAY PROCEEDINGS**

Petitioner Vernon Charles Patton petitions pro se for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  Respondent Floyd Bonner has responded to the petition.[2]  (ECF No. 17.)  Petitioner has filed many motions here both before and after Respondent responded to the petition.  Petitioner has moved for judgment three times.  (ECF Nos. 12; 15; 22.)  Petitioner has moved twice to expand the record.  (ECF Nos. 16 & 19.)  And Petitioner has moved to stay proceedings.  (ECF No. 24.)

The Court recently held a status conference with the parties and determined that further proceedings are necessary to determine whether Petitioner has exhausted his state court remedies.  As explained below, the Court **DENIES** the motions seeking judgment, the motions to expand the record, and the motion to stay proceedings.

---

[1] The state is detaining Petitioner at the Shelby County Criminal Justice Complex ("Shelby County Jail") in Memphis, Tennessee.  His booking number is 17156195.
[2] The Court found before that "[b]ecause Petitioner is incarcerated at the Shelby County Criminal Justice Center, his custodian here is Shelby County Sheriff Floyd Bonner."  (ECF No. 6 at PageID 79.)

**I.      Background**

Petitioner, a pretrial detainee at the Shelby County Jail, filed this § 2241 petition in May 2021, alleging a violation of his Sixth and Fourteenth Amendment rights "due to the unnecessary delay in bringing a trial on the merits" on state criminal charges against him. (ECF No. 1 at PageID 1.) The petition asserts that the Shelby County Jail has detained Petitioner "for a consecutive period of (44) forty-four months," violating his right to a speedy trial. (*Id.*)

This is not Petitioner's first petition for a writ of habeas corpus under § 2241. He petitioned for habeas relief under § 2241 in June 2018, which this Court denied. *See Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *1 (6th Cir. Apr. 7, 2021) (citing *Patton v. Oldham*, No. 2:18-cv-2377 (W.D. Tenn. Aug. 31, 2018)). And he petitioned again in May 2019, "asserting that his arrest, indictment, and continuing confinement were illegal and seeking an order dismissing the State's indictment." *Id.* The State moved to dismiss based, in part, on failure to exhaust state administrative remedies, and this Court granted the motion. *See Patton v. Bonner*, 2:19-cv-02344-TLP-tmp, 2020 WL 2044701, at *3 (W.D. Tenn. Apr. 28, 2020). The Court dismissed the § 2241 petition without prejudice. *Id.*

In May 2021, Petitioner filed the § 2241 petition currently here. (ECF No. 1.) The Court entered an order directing Respondent to respond to the petition. (ECF No. 7.) In June 2021, Respondent moved for, and the Court granted, an extension of time to respond to the petition. (ECF Nos. 10 & 11.) Respondent timely responded on July 14, 2021. (ECF No. 17.) By that time, Petitioner had sought judgment from this Court twice. (ECF Nos. 12 & 15.) And Petitioner moved for judgment on the merits again after Respondent filed the response. (ECF No. 22.) In response to Petitioner's § 2241 petition and latest summary judgment motion,

Respondent again asserts that Petitioner has not exhausted his state court remedies. (ECF Nos. 17 & 23.)

## II. Motion for Default Judgment

Petitioner first moved for default judgment and summary judgment in June 2021. (ECF No. 12.) For starters, "[d]efault judgment is not generally available in habeas proceedings." *Harris v. Warden, London Corr. Ins.*, No. 17-3944, 2018 WL 1224456, at *2 (6th Cir. Mar. 1, 2018) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *Lemons v. O'Sullivan*, 54 F.3d 357, 364–65 (7th Cir. 1995)). And a federal habeas court cannot grant a petitioner default judgment without deciding the case on the merits. *See Brown v. United States*, No. 20-5090, 2020 WL 10054086, at *5 (6th Cir. Nov. 25, 2020) ("Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings." (quoting *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970))); *see also Means v. Phillips*, 136 F. Supp. 3d 872, 897 n.31 (W.D. Tenn. 2015) ("District courts may not enter default judgments in habeas cases without addressing the merits of a prisoner's claims." (citing *Allen*, 424 F.2d at 138)). And even if the government fails to respond entirely to a habeas petition, the petitioner retains "[t]he burden to show that he is in custody in violation of the Constitution of the United States." *Brown*, 2020 WL 10054086, at *5 (quoting *Allen*, 424 F.2d at 138).

What is more, when Plaintiff moved for default judgment, the Court had granted Respondent an extension of time to respond. (ECF No. 11.) And Respondent responded by the Court's deadline. (ECF No. 17.) Petitioner is thus not entitled to default judgment. The Court therefore **DENIES** Petitioner's motion for default judgment.

### III.     Motions for Summary Judgment

As noted above, the motion for default judgment alternatively requests summary judgment. (ECF No. 12.) And Petitioner moved again for summary judgment less than two weeks later. (ECF No. 15.) After Respondent responded to the petition, Petitioner moved for summary judgment yet again. (ECF No. 22.) Respondent responded to the most recent summary judgment motion. (ECF No. 23.)

Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, applies to habeas corpus cases if it is "not inconsistent with any statutory provisions" or with the Rules Governing Section 2254 Cases. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Summary Judgment is warranted under Rule 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 does not permit a party to obtain summary judgment before the opposing party has responded to the initial pleading. *See, e.g.*, *Sykes v. Gould*, No. 21-10514, 2021 WL 2460628, at *2 (E.D. Mich. June 1, 2021). And as stated above, Petitioner rashly moved for summary judgment twice before Respondent responded timely to the petition.

As for Petitioner's latest motion for summary judgment, Respondent argues that Petitioner did not "include a memorandum of law in support of his motion" or "include a statement of material facts to show the Court there are no genuine issues for trial," as Local Rule 56.1 requires. (ECF No. 23 at PageID 282.) Respondent also argues that Petitioner has not exhausted his available state court remedies. (*Id.* at PageID 285.) Setting aside the technical requirements of the Local Rules, the Court finds that summary judgment is improper because the

4

parties have raised a genuine factual dispute about whether Petitioner has exhausted his available state court remedies.  (ECF No. 27.)

Under Sixth Circuit precedent, a pretrial detainee may petition for a writ of habeas corpus under § 2241 in "exceptional circumstances," such as "when the petitioner seeks a speedy trial." *Snell v. Unknown Part(y)(ies)*, No. 1:22-cv-68, 2022 U.S. Dist. LEXIS 22482, 2022 WL 368652, at *2 (W.D. Mich. Feb. 8, 2022) (citing *Atkins v. Michigan*, 644 F.2d 543, 546–47 (6th Cir. 1981)); *see also Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241." (citing *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins*, 644 F.2d at 546 n.1)).  But "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort."  *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).  Although exhaustion "is not a statutory requirement" in the § 2241 context, "decisional law has superimposed such a requirement in order to accommodate principles of federalism."  *Id.* at 810 n.4 (internal quotation marks omitted).

At a recent status conference, the parties offered conflicting accounts of what issues Petitioner has raised in state court.  (ECF No. 27.)  As this Court observed, the parties dispute whether Petitioner—or counsel recently appointed for Petitioner in the state criminal proceedings—has raised speedy trial claims in state court.  (*Id.*)  This Court set a status conference in March 2022 to hear from Petitioner's counsel in the state criminal court proceedings.  (*Id.*)  And the Court found that the circumstances presented here justify holding a

hearing to address exhaustion.³ (*Id.*) Because the parties have raised a genuine dispute about exhaustion, summary judgment now is improper. The Court therefore **DENIES** Petitioner's motion for summary judgment without prejudice.

IV.     **Motions to Expand the Record**

Petitioner has also moved twice to expand the record. (ECF Nos. 16 & 19.) The first of these motions, filed before Respondent's timely response, asks the Court "to expand the record in this case by issuing a subpoena to the Tennessee Court of Criminal Appeals to discover all filings by [Petitioner] before that court in 2019 and 2020." (ECF No. 16 at PageID 132.) Petitioner's second motion to expand the record requests that the Court include docket entries related to his prior § 2241 petition, filed under case number 2:19-cv-02344-TLP-tmp. (ECF No. 19 at PageID 256.) Respondent has not responded to either motion, and the time to do so has expired.

Habeas Rule 7 specifies that if a habeas petition is not dismissed, the court "may direct the parties to expand the record by submitting additional materials relating to the petition." Habeas Rule 7(a). Because Petitioner's first motion to expand the record requests to subpoena the Tennessee Criminal Court of Appeals ("TCCA"), the Court construes the motion as seeking discovery under Habeas Rule 6. As for Petitioner's second motion to expand the record, the Court is aware of the earlier habeas proceedings but finds expansion of the record unnecessary to include those filings.

---

³ Petitioner moves to stay these habeas proceedings in replying to Respondent's response to Petitioner's latest summary judgment motion. (ECF No. 24.) Because the Court has set future hearings related to the petition, and because the Court denies that summary judgment motion, the Court also **DENIES** the motion to stay proceedings.

6

As recognized by the Sixth Circuit, expanding the record in habeas cases "is not mandatory . . . and is left to the discretion of the trial judge." *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988); *see also Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008). This Court therefore declines to expand the record at this stage to include the filings related to Petitioner's previous habeas applications. The Court therefore **DENIES** Petitioner's motion to expand the record related to his earlier habeas petitions. (ECF No. 19.)

As stated above, Petitioner's request for a subpoena falls under Habeas Rule 6, which governs discovery requests in habeas proceedings. Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Under Habeas Rule 6, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Rule 6(a); *see also Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding . . . ."). And "[a] party requesting discovery must provide reasons for the request," and "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Habeas Rule 6(b).

What is more, "[a] district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6." *Stanford*, 266 F.3d at 460 (citing *Bracy v. Gramley*, 520 U.S. 899 (1997); *Byrd v. Collins*, 209 F.3d 486, 515–16 (6th Cir. 2000)). And "bald assertions" or "conclusory allegations" do not show good cause. *Id.* Instead, a petitioner must show that the requested discovery is materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotation marks omitted).

Petitioner here states that "a documentary record of the proceedings before the state criminal appellate court can prove exhaustion without sworn testimony or any other additional evidence for which a hearing would be necessary." (ECF No. 16 at PageID 132.)  But he does not offer specifics about what the appellate record will show.  And because criminal defendants in Tennessee have no right to interlocutory appeal on speedy trial motions, it is unclear how additional records from the TCCA would support Petitioner's claim.  *See State v. Hawk*, 170 S.W.3d 547, 548 (Tenn. 2005) ("We also hold that the defendant is not entitled to seek interlocutory review of the trial court's order rejecting her alleged Sixth Amendment speedy trial violation.").  The Court finds that Petitioner has not shown good cause to permit discovery.  And the Court therefore **DENIES** the motion seeking discovery.  (ECF No. 16.)

## V.     Conclusion

For the reasons above, the Court **DENIES** Petitioner's motions for summary judgment without prejudice.  The Court also **DENIES** Petitioner's motions to expand the record and motion to stay proceedings.

**SO ORDERED**, this 22d day of February, 2022.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE
